JOSEPH J. WRIGHT *vs.* SIMMONS & HARPER.

Where an appeal is taken from the judgment of a justice of the peace, to a jury, and bond and security given, as the statute requires, and after verdict, the case is removed to the circuit court by *certiorari*, it is proper that the circuit court, upon affirmance of the judgment of the justice, and verdict of the jury, should render judgment against the sureties, in the appeal bond.

Proceedings in causes brought from a justice's court, are *de novo*, and without any pleadings whatever.

The execution of an appeal bond, makes the sureties therein parties to the suit in the justices court.

THIS case comes by writ of error, from the circuit court of Yalobusha county.

Simmons & Harper, brought two suits before John A. M. Tyler, a justice of the peace in Yalobusha county, against Joseph J. Wright, and on the 28th day of December, 1839, recovered judgments in both cases. Wright appealed to a jury and gave bond as the statute requires, with John Tabb and Levi Davis as sureties therein. On the 25th day of January, 1840, verdicts were rendered in favor of Simmons & Harper, and judgments entered accordingly.

On the 21st day of July, 1840, both causes were removed by *certiorari*, to the circuit court, and there tried in a consolidated form. Verdict was again rendered in favor of Simmons & Harper, and judgment entered against Wright, and his sureties, in the first appeal bond, by one of whom, Levi Davis, after a writ of summons and severance, this writ of error is now prosecuted.

*A. C. Baine*, for appellants.

PER CURIAM. It is insisted for Davis, one of the sureties, that the judgment of the circuit court was improper, because he was not before the court in such a shape as to justify a judgment against him.

It becomes necessary therefore to inquire into the liability of

Davis, as the original surety. The statute secures the right of appeal from the judgment of the justice, to a trial by jury before one or more justices; and it declares that the security for the appeal shall be liable for the debts and costs. How. & Hutch. Dig. 436–37. This provision is contained in the law regulating proceedings before justices, which was passed since the adoption of the new constitution. Previous to the passage of this law, appeals were taken from justices of the peace to the county court. The old law is still in existence, where its provisions are not repugnant to the new one. By the former law, on an appeal taken to the county court, if the plaintiff again succeeded, judgment was to be rendered against the principal and his surety jointly, and execution issued thereon accordingly. How. & Hutch. Dig. 429. The late law also points out a mode, by which a cause may be removed from a justice's court to the circuit court, by *certiorari*, but it does not change the rights of the parties as they stood on the first appeal. When the last statute declares that the surety shall be liable, it must have intended that he should be liable as he was by the previous law. This indeed is the necessary consequence, unless the one law repeals the other, which is not the case, except when different provisions are substituted. Under the late law the surety is undoubtedly liable, and he can only be liable in one of two ways—either by giving judgment against him, or by driving the plaintiff to an action on the bond. It cannot be presumed that the legislature intended to leave the plaintiff to a new action. The proceedings in causes, brought from a justice's court, are *de novo*, and without any pleadings whatever. There was no other way then by which the plaintiff in error could have been made a party, except by the original appeal bond, and this we think is sufficient to justify the judgment. His bond made him a party to the suit in the justice's court, where there was a verdict for the plaintiff, for which the law had made him liable to execution. He then became, for all legal purposes, one of the defendants, and the judgment in the circuit court was in effect, a judgment of affirmance.

The judgment of the circuit court must be affirmed.